IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MARK H. WITTSTADT, ET AL.          :
                                   :
v.                                 :    CIVIL NO. CCB-16-2251
                                   :
ROBERT H. HOSCH, JR., ET AL.       :
               ...o0o...

# MEMORANDUM

Mark Wittstadt and Gerard Wm. Wittstadt, Jr. filed suit in this court on June 21, 2016, alleging negligence and negligent misrepresentation against Robert H. Hosch, Jr. ("Hosch"); Butler & Hosch, P.A. ("B&H"); H. Edward Bickers, Jr. ("Bickers"); and Default Consulting Group, Inc. ("DCG"). B&H, Bickers, and DCG have filed a motion to dismiss or for summary judgment asserting that the Wittstadts' claims are barred by a release contained in a settlement agreement entered in connection with prior bankruptcy proceedings. The motion has been fully briefed, and the facts are adequately set forth in the parties' memoranda. The court will turn directly to the language of the release.

The relevant language states as follows:

> Both of the Wittstadts and the Debtors (on behalf of themselves and their bankruptcy estates), and each of their respective professionals, assigns and successors-in-interest, and any person claiming by or through any of the foregoing, jointly and severally, hereby release and forever discharge the Assignee and B&H and the B&H estates, and their agents, professionals, assigns, and successors-in-interest from any and all liabilities, damages, liens, obligations, indemnities, promises, losses, fees, costs, expenses, causes of action, suits, contributions, debts, sums of money, accounts, claims (as defined by the Bankruptcy Code § 101(5)), and demands whatsoever, in law or in equity, liquidated or indefinite, known or unknown, suspected or unsuspected, fixed or contingent, and whether direct or indirect, hidden or concealed in connection with the subject matter of this Agreement and anything related to B&H or the Debtors except (i) the Wittstadts' filed unsecured claims against the estates of B&H and its affiliated entities, if any, which shall be subject to the review and objection of the Assignee, (ii) the Debtors' and both the Wittstadts' rights and claims, if any,

1

>against any and all insurers, sureties, indemnitors, and co-obligors of B&H,
>including but not limited to the insurers under any B&H Insurance Policies.

(Pls.' Resp. in Opp'n to Mot. to Dismiss, Ex. 2, Settlement Agreement ¶ 2(a), ECF No. 15-2). "B&H" is defined to include the firm "and its related affiliates," which includes DCG. (Compl. ¶ 46, ECF No. 1).

Under Maryland law, releases are treated as contracts and are "construed and applied according to the rules of contract law." *Owens-Ill., Inc. v. Cook*, 386 Md. 468, 872 A.2d 969, 985 (2005). "A court will only consider extrinsic evidence concerning the parties' intent if it first deems the contract's language ambiguous." *United States v. Hartford Accident & Indem. Co.*, 168 F.Supp.3d 824, 832 (D. Md. 2016). The language of this release is not ambiguous. Even if it were, the Wittstadts have not proffered any extrinsic evidence that would support a contrary interpretation.[1]

As the Wittstadts acknowledge, the "first few lines" of the release are "very broad." (Pls.' Resp. in Opp'n to Mot. to Dismiss 5, ECF No. 15). They argue that their claims fall under the exception in ¶ 2(a)(ii), but that exception applies only to "insurers, sureties, indemnitors and co-obligors" of B&H. (Pls.' Resp. in Opp'n to Mot. to Dismiss, Ex. 2, Settlement Agreement ¶ 2(a)(ii)). DCG, and therefore Bickers, apparently were affiliates and agents of B&H, but there is no evidence they were co-obligors. B&H, of course, was not its own "co-obligor." Further, claims for contribution are covered by the release. Nor does the exception for claims against "the insurers under any B&H insurance policies" permit a suit against B&H directly. (*Id.*).

Finally, the Wittstadts challenge the defendants' right to enforce the settlement agreement. But the defendants are listed as parties to the settlement agreement, and the mutual releases that are provided constitute sufficient consideration. The Assignee was empowered to

---

[1] Nor have the Wittstadts filed a Rule 56(d) affidavit.

bind B&H, and its affiliates and agents, for these purposes, and the Agreement was approved by both the U.S. Bankruptcy Court for the Eastern District of Virginia and the Florida State court. (Mem. Re: Defs.' Mot. to Dismiss, Ex. 3, Bankr. E.D. Va. Or. Granting Debtors' Mot., ECF No. 15-3;  Mem. Re: Defs.' Mot. to Dismiss, Ex. 4, Cir. Ct. for Orange Cty. Or., ECF No. 15-4). The alleged failure of the Assignee to provide the letter referenced in the Agreement does not, under these circumstances, justify depriving the defendants of their right to rely on the broad release.

In summary, the Wittstadts' claims against the moving defendants are barred by the release in the settlement agreement they entered.  The motion to dismiss will be granted by separate Order.

<u>December 8, 2016</u>   /S/
Date   Catherine C. Blake
   United States District Judge